UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Alco Electronics Limited,<br><br>    Plaintiff,<br><br>    v.<br><br>Electro Brand, Inc.,<br><br>    Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Alco Electronics Limited ("Alco") for its Complaint against Defendant Electro Brand, Inc. ("Electro") alleges as follows:

## INTRODUCTION

1. Alco is a world-recognized manufacturer of consumer electronics and provider of electronics manufacturing services.

2. Electro is a distributor and reseller of consumer electronics in the United States.

3. This lawsuit arises from Electro's refusal to pay past-due invoices for undisputed amounts owed by Electro to Alco for consumer electronic products purchased by Electro and delivered by Alco.

## PARTIES

4. Alco is a corporation organized under the laws of Hong Kong with its principal place of business in Hong Kong. Alco is a citizen of Hong Kong.

5. Upon information and belief, Electro is a corporation organized under the laws of Illinois with its principal place of business in Westchester, Illinois. Electro is a citizen of Illinois.

## JURISDICTION

6. The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a) because the parties are citizens of a domestic and foreign state and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. The Court has personal jurisdiction over Electro because it is incorporated under the laws of Illinois, continuously and systematically conducts business in Illinois, and Electro's acts and omissions related to formation, performance, and breach of the parties' agreement, from which Alco's claims arise, took place in Illinois.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Electro's residence and principal place of business is located in this district and a substantial part of the events and omissions giving rise to Alco's claims occurred in this district.

## FACTS

9. Electro sent to Alco Purchase Order #7864, dated March 8, 2016 (the "Purchase Order").

10. The Purchase Order specified certain quantities and prices for Electro's purchase of Alco's 5 CD Mini System with Bluetooth (the "Bluetooth Products") and Alco's 5 CD Mini System with Bluetooth and Subwoofer (the "Subwoofer Products").

11. Under the Purchase Order, the total price for the Bluetooth Products purchased by Electro was $254,067, and the total price for Subwoofer Products purchased by Electro was $287,532.35.

12. The total agreed-upon price for all products purchased by Electro through the Purchase Order was $541,599.35.

13. Alco delivered to Electro the total quantities of Bluetooth Products and Subwoofer Products specified in the Purchase Order (the "CE Products").

14. The CE Products delivered to Electro conformed to the products specified in the Purchase Order.

15. Electro had an opportunity to inspect the CE Products and did not notify Alco of any objection to or rejection of the CE Products.

16. Electro accepted all of the CE Products delivered by Alco.

17. Upon information and belief, Electro disposed of the CE Products by selling or distributing them to third parties.

18. For some of the CE Products specified in the Purchase Order, Alco sent to Electro Invoice #FP160165 (dated August 10, 2016) in the amount of $82,152.10, and Invoice #FP160182 (dated August 17, 2016) in the amount of $84,689.

19. Electro paid Alco the full amount of Invoices #FP160165 and #FP160182 without any dispute or objection.

20. For the remaining CE Products specified in the Purchase Order, Alco sent Invoice #FP160183 (dated August 17, 2016) in the amount of $127,033.50, Invoice #FP160211 (dated September 6, 2016) in the amount of $42,344.50, Invoice #FP160212 (dated September 6, 2016) in the amount of $82,152.10, and Invoice #FP160227 (dated September 13, 2016) in the amount of $123,228.15 to Electro (the "Past-Due Invoices").

21. The total amount of the Past-Due Invoices is $374,758.25.

22. Each Alco Invoice provided that Electro's payment was due to Alco within sixty days of receipt of the Invoice.

23. Electro did not pay Alco the amount of the Past-Due Invoices within sixty days of receipt.

24. Alco requested payment from Electro for the Past-Due Invoices throughout 2017, including on January 25, 2017, February 12, 2017, February 16, 2017, March 2, 2017, March 15, 2017, March 23, 2017, March 30, 2017, April 6, 2017, April 12, 2017, April 19, 2017, April 28, 2017, May 11, 2017, June 1, 2017, July 13, 2017, August 3, 2017, August 25, 2017, September 1, 2017, September 22, 2017, and October 13, 2017.

25. In response to Alco's requests for payment of the Past-Due Invoices, Electro reaffirmed its obligation to pay for the CE Products and the Past-Due Invoices.

26. On January 28, 2017, Electro wrote to Alco:

"[W]hile I do not have money to send this week I do not believe in keeping silent. We remain firm on paying what is due and will continue to send monies weekly as we are able to do so. And keep you informed accordingly."

27. On February 18, 2017, Electro wrote to Alco:

"I do not have a payment for you this week. We are working with one of our large customers for them to put together a payment plan to increase the weekly flow of monies in order to begin paying down on a weekly basis. We are working on this and as soon as I have an update for you which will be no longer than 2 weeks.

Thank you for your patience."

28. On March 6, 2017, Electro wrote to Alco:

"When we proposed our payment plan to you in December it was based on many factors. Customer payments for both the 4th quarter and 1st quarter. The receipts have not been as anticipated and this is the primary reason why we have not been able to adhere to the payment plan that was presented in December.

Our efforts are focused on these customers to pay us what is due so that we can return to a payment plan to continue paying down the balance owed as we have in all of the years doing business together.

> We appreciated your continued patience and support. During these weeks in March if we are able to make payments to you otherwise our expectation is to begin making payments again in April."

29. On July 14, 2017, Electro wrote to Alco:

> "I want to acknowledge receipt of your email and amount owed. As I have explained in prior emails it remains our intention to pay the obligations as we have with all prior transactions of business with Alco during our 30+ year relationship with your company.
>
> The proceeds for payment of this obligation are tied up in a payable litigation matter with a delinquent EB customer. We have filed suit against this customer. Litigious matters as you can well understand are grueling and time consuming.
>
> We are hopeful to reach a resolution with regard to the filed lawsuit within a reasonable period of time."

30. On August 25, 2017, Electro wrote to Alco:

> "[W]hile I do not have any new information I did want to communicate the following. We have a face to face with the customer on Aug 30. This is the customers that owes EB significant money that is preventing EB from reconciling the past due balance to Alco.
>
> We will update you after the meeting."

31. On September 2, 2017, Electro wrote to Alco:

> "We did have the meeting and we are now awaiting for their legal counsel to provide to us the payment plan to us. We will keep you informed."

32. On October 2, 2017, Electro wrote to Alco:

> "We met with the judge on Friday Sept 29. The settlement conference concluded with the Judge ordering Mem-Ce to respond to the settlement offer by Oct 9. The guidelines of the court prohibit any information to be shared and must be kept in the strictest of confidence.
>
> We will keep you informed."

33. On October 16, 2017, Electro wrote to Alco:

> '[O]n Oct 9 the delinquent customer to whom we filed suit to recover the outstanding past due balance had to respond to the settlement put forth by the judge. The customer rejected the settlement we must now proceed thru the legal process. As a result payments cannot yet start up. We will keep you informed as we continue they the legal process."

34. On November 22, 2017, Alco sent a letter to Electro demanding payment of the Past-Due Invoices.

35. Electro responded to Alco's most recent letter by again stating that Electro still had not resolved a payment dispute with Electro's customer, Mem-Ce, for products and services unrelated to Alco and the CE Products.

36. Electro has not rejected the CE Products, revoked its acceptance of the CE Products, or provided Alco with any objection to the CE Products' conformity with the Purchase Order.

37. Electro has not disputed or objected to the Past-Due Invoices.

38. Electro has not paid any amount to Alco for the Past-Due Invoices.

39. Electro's only response to Alco's request for payment and status updates for the Past-Due Invoices has been that Electro does not have the funds to pay the Past-Due Invoices because of its dispute and lawsuit with Mem-Ce.

40. The claims and defenses asserted in Electro's lawsuit with Mem-Ce are unrelated to Alco, the CE Products, the Purchase Order, or the Past-Due Invoices.

41. The remaining amount owed by Electro to Alco under the Purchase Order and Past-Due Invoices is $374,758.25.

## COUNT I
### Breach of Contract

42. Alco restates and realleges the foregoing allegations as if set forth fully herein.

43. Alco and Electro are parties to a valid and enforceable contract for the sale of the CE Products as provided under the Purchase Order and Past-Due Invoices.

44. Alco performed its obligations under the parties' contract by delivering to Electro the CE Products as specified in the Purchase Order.

45. Electro breached the parties' contract by failing to pay the Past-Due Invoices and the amount specified in the Purchase Order without justification or excuse.

46. Alco has suffered direct and consequential damages proximately caused by Electro's breach of the parties' contract in an amount to be proven at trial but no less than $374,758.25, plus applicable interest.

## COUNT II
### Account Stated

47. Alco restates and realleges the forgoing allegations as if set forth fully herein.

48. Alco and Electro have engaged in transactions relating to the sale of the CE Products as provided under the Purchase Order and Past-Due Invoices.

49. Alco and Electro had an agreement whereby Alco regularly submitted invoices to Electro for payment for the CE Products specified in the Purchase Order, including but not limited to the Past-Due Invoices.

50. Alco submitted the Past-Due Invoices to Electro for payment, which constitutes a statement of Electro's account with Alco.

51. When Electro failed to pay the Past-Due Invoices within sixty days of receipt, Alco repeatedly demanded payment from Electro for the Past-Due Invoices.

52. Electro has agreed to the account stated in the Past-Due Invoices, acknowledging that the balance is true and correct, and expressing a promise to pay it.

53. Electro has not paid the account stated in the Past-Due Invoices.

54. Alco has suffered direct and consequential damages proximately caused by Electro's failure to pay the account stated in the Past-Due Invoices in an amount to be proven at trial but no less than $374,758.25, plus applicable interest.

## PRAYER FOR RELIEF

WHEREFORE, Alco respectfully requests that this Court enter judgment in its favor and against Electro by granting Alco the following relief:

1. Awarding Alco's direct and consequential damages in an amount to be proven at trial, but no less than $374,758.25;

2. Awarding Alco pre-judgment interest for the Past-Due Invoices under 815 I.L.C.S. 205/2;

3. Awarding Alco post-judgment interest under 735 I.L.C.S. 5/2-1303;

4. Awarding Alco's costs, disbursements, expenses, and attorneys' fees incurred in connection with this lawsuit and collecting the amounts owed under the Past-Due Invoices; and

5. Granting such other relief for Alco as the Court may find appropriate under law or equity.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Alco hereby demands a trial by jury as to all issues so triable in this matter.

Date: January 9, 2018     By:  /s Hillary B. Levun
                                   Hillary B. Levun
                                   *Attorneys for Plaintiff Alco Electronics Limited*

Hillary B. Levun, ARDC No. 6303820
PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
Chicago, IL  60603-5559
(312) 324-8400 (phone)
(312) 324-9600 (fax)
hlevun@perkinscoie.com

Jerry S. Podkopacz (Pro Hac Vice Pending)
Larkin Hoffman Daly & Lindgren Ltd.
8300 Norman Center Drive, Suite 1000
Minneapolis, Minnesota 55437-1060
(952) 835-3800
jpodkopacz@larkinhoffman.com

4828-5701-3337, v. 3
4828-5701-3337, v. 3